IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **TRAXXAS, L.P.,** | § § § | |
| *Plaintiff,* | § § | Civil Action No. 2:21-cv-49 |
| v. | § § | **JURY TRIAL DEMANDED** |
| **SHENZHEN YONGHANG NEW ENERGY TECHNOLOGY CO., LTD.,** | § § § § | |
| *Defendant.* | § § | |

**COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND UNJUST ENRICHMENT**

COMES NOW Plaintiff Traxxas, L.P. and files this Complaint for Trademark Infringement, Unfair Competition, and Unjust Enrichment against Defendant Shenzhen Yonghang New Energy Technology Co., Ltd., alleging as follows:

### I.   NATURE OF THE SUIT

1. This is a claim in which Plaintiff seeks injunctive and monetary relief for trademark infringement and unfair competition arising under the Lanham Act, 15 U.S.C. § 1051 *et seq.*; and for trademark infringement, unfair competition, and unjust enrichment arising under Texas common law.

### II.   THE PARTIES

2. Plaintiff **Traxxas, L.P. ("Traxxas")** is a Texas limited partnership that maintains its principal place of business in McKinney, Texas.

3. Defendant Shenzhen Yonghang New Energy Technology Co., Ltd. is a Chinese limited liability company having a principal place of business in Shenzhen City, Guangdong Province, China.

### III. JURISDICTION AND VENUE

4. Pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338, this Court has subject matter jurisdiction over the federal trademark infringement and unfair competition claims because those claims arise under the Lanham Act, 15 U.S.C. § 1051 *et seq*.

5. Pursuant to 28 U.S.C. § 1367(a), this Court has subject matter jurisdiction over the state trademark infringement, unfair competition, and unjust enrichment claims because those claims arise from the same nucleus of operative facts as the federal trademark infringement and unfair competition claims.

6. This Court has specific personal jurisdiction over Defendant as to these claims pursuant to due process and the Texas Long Arm Statute because these claims arise from Defendant's acts or omissions (directly or through intermediaries) in this judicial District, including but not limited to sales or offers to sell the Accused Products to persons in this District and/or purposefully and voluntarily placing the Accused Products into the stream of commerce with the expectation that those Accused Products will be purchased by consumers in Texas and in this District.

7. Venue is proper in this Court under 28 U.S.C. §§ 1391(b)-(d) for the reasons set forth above.  Furthermore, venue is proper because Defendant, directly or through intermediaries, sells and offers to sell its Accused Products to persons in this District, as discussed below.  Each of Defendant's acts complained of herein occurring in this District gives rise to proper venue.

## IV.     BACKGROUND

**A.     Traxxas and Its Trademarks**

8. The business Traxxas operates was started in 1986. Since that time, Traxxas has grown to become the number-one seller of Ready-to-Run nitro and electric model vehicles in the United States.

9. Since at least January 29, 2009, Traxxas has continuously used the standard characters "EZ-PEAK" (the "EZ-PEAK Mark") in interstate commerce to identify, advertise, and promote its batteries and battery chargers to the consuming public.

10. On February 27, 2018, the United States Patent and Trademark Office ("USPTO") duly and legally issued to Traxxas United States Trademark Registration No. 5,414,201 (the "EZ-PEAK Registration"), which comprises the standard characters "EZ-PEAK" as applied to batteries and battery chargers in International Class 009. A true and correct copy of the EZ-PEAK Registration is attached hereto as Exhibit 1.

11. In addition to the EZ-PEAK Registration, Traxxas owns U.S. Trademark Registration No. 5,414,274, which comprises a stylized word "EZ-PEAK" as applied to batteries and battery chargers in International Class 009.

12. In addition to the above-referenced USPTO registrations, Traxxas has registered internationally marks comprising both the standard characters "EZ-PEAK" and a stylized word "EZ-PEAK."

13. Traxxas has made and continues to make a substantial investment of time, effort, and expense in the design, manufacturing, and marketing of its batteries and battery chargers bearing the EZ-PEAK Mark.

14. As a result of Traxxas' long use and substantial advertising and promotion of the EZ-PEAK Mark, the EZ-PEAK Mark has become distinctive and widely known to consumers to designate Traxxas as the source of products bearing the EZ-PEAK Mark, to distinguish Traxxas and its products from those of others, and to distinguish the source or origin of Traxxas' products. As a result of these efforts by Traxxas, the consuming public in Texas and throughout the United States widely recognizes and associates the EZ-PEAK Mark with Traxxas and with Traxxas' high-quality goods.

15. As a result of Traxxas' long use and substantial advertising and promotion of the EZ-PEAK Mark in Texas and elsewhere, Traxxas has acquired valuable common law rights in the EZ-PEAK Mark, including but not limited to the goodwill and reputation of Traxxas, Traxxas' products, and the EZ-PEAK Mark.

**B.   Defendant and Its Products**

16. Defendant, directly or through intermediaries, sells, offers for sale, distributes, and advertises in Texas and in this judicial District certain battery chargers (the "Accused Products") under the name "EV-PEAK" (the "Accused Mark").

17. Defendant, directly or through intermediaries, sells, offers for sale, distributes, and advertises the Accused Products in direct competition with products of Traxxas and of Traxxas' authorized retailers.

18. Defendant, directly or through intermediaries, purposefully and voluntarily places the Accused Products into the stream of commerce with the expectation that they will be purchased by consumers in Texas and in this judicial District.

19. The Accused Products are purchased by consumers in Texas and in this judicial District.

20. Defendant, directly or through intermediaries, began selling, offering for sale, distributing, or advertising the Accused Products after Traxxas began using in commerce the EZ-PEAK Mark.

21. Defendant is not affiliated with or sponsored by Traxxas and has not been authorized by Traxxas to make, sell, offer for sale, distribute, or advertise any Traxxas products or any products bearing the EZ-PEAK Mark or any confusingly similar marks.

## V.     CLAIMS

### A.     Count One: Federal Trademark Infringement

22. Traxxas repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

23. Due to the only single-character difference between the two marks, the Accused Mark so resembles Traxxas' federally registered EZ-PEAK Mark as to be likely to cause confusion or mistake or to deceive.

24. The similarity of the goods, specifically battery chargers, on or in connection with which the Accused Mark and Traxxas' federally registered EZ-PEAK Mark are used further contributes to the likelihood of confusion, mistake, or deception between the two marks.

25. Specifically, the Accused Mark so resembles Traxxas' federally registered EZ-PEAK Mark as to be likely to cause confusion or mistake among, or to deceive, customers and potential customers of the parties, or associates of such customers and potential customers, at least as to some affiliation, connection, or association of Defendant with Traxxas, or as to the origin, sponsorship, or approval of the Accused Products by Traxxas.

26. Defendant is, without Traxxas' consent, using in commerce the Accused Mark in connection with the sale, offering for sale, distribution, or advertising of the Accused Products, in connection with which such use is likely to cause confusion, to cause mistake, or to deceive.

27. Defendant is, without Traxxas' consent, applying the Accused Mark to advertisements (including at least Internet advertisements) intended to be used in commerce in connection with the sale, offering for sale, distribution, or advertising of the Accused Products.

28. Defendant's acts complained of herein constitute infringement of Traxxas' federally registered EZ-PEAK Mark in violation of 15 U.S.C. § 1114(1)(a) and (b).

29. Defendant's acts complained of herein have damaged Traxxas in an amount to be proven at trial, but no less under 15 U.S.C. § 1117 than either: (a) up to three times Traxxas' actual damages from Defendant's wrongful acts, together with Traxxas' reasonable costs; or (b) Defendant's profits, modified as the Court finds to be just under the circumstances, together with Traxxas' reasonable costs.

30. Further, unless Defendant's acts complained of herein are restrained by this Court, those acts will continue and will continue to cause irreparable injury to Traxxas and to the public for which there is no adequate remedy at law.

**B.    Count Two: Federal Unfair Competition**

31. Traxxas repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

32. Defendant's unauthorized use in commerce of the Accused Mark in connection with the Accused Products falsely designates the origin of the Accused Products, or otherwise falsely or misleadingly describes or represents facts, which is likely to cause confusion, or to cause mistake, or to deceive customers and potential customers of the parties, or associates of such

customers and potential customers, at least as to some affiliation, connection, or association of Defendant with Traxxas, or as to the origin, sponsorship, or approval of the Accused Products by Traxxas.

33. Defendant's unauthorized use in commerce of the Accused Mark in connection with the Accused Products enables Defendant to trade on and receive the benefit of the goodwill and reputation built up at great labor and expense by Traxxas over many years, and to gain acceptance for the Accused Products not solely on their own merits, but on the reputation and goodwill of Traxxas, Traxxas' products, and the EZ-PEAK Mark.

34. Defendant's acts complained of herein constitute unfair competition in violation of 15 U.S.C. § 1125(a).

35. Defendant's acts complained of herein have damaged Traxxas in an amount to be proven at trial, but no less under 15 U.S.C. § 1117 than either: (a) up to three times Traxxas' actual damages from Defendant's wrongful acts, together with Traxxas' reasonable costs; or (b) Defendant's profits, modified as the Court finds to be just under the circumstances, together with Traxxas' reasonable costs.

36. Further, unless Defendant's acts complained of herein are restrained by this Court, those acts will continue and will continue to cause irreparable injury to Traxxas and to the public for which there is no adequate remedy at law.

**C.    Count Three: Texas Trademark Infringement**

37. Traxxas repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

38. Defendant's acts complained of herein constitute trademark infringement in violation of Texas state common law.

**D.      Count Four: Texas Unfair Competition**

39.     Traxxas repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

40.     Defendant's acts complained of herein constitute unfair competition in violation of Texas state common law.

**E.      Count Five: Texas Unjust Enrichment**

41.     Traxxas repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

42.     Defendant's acts complained of herein unjustly enrich Defendant at Traxxas' expense because Defendant, through its acts complained of herein, has obtained and continues to obtain a benefit from Traxxas by taking unfair advantage of the goodwill and reputation of Traxxas, Traxxas' products, and the EZ-PEAK Mark.

43.     Specifically, Defendant has taken unfair advantage of Traxxas by trading on and profiting from the goodwill and reputation of Traxxas, Traxxas' products, and the EZ-PEAK Mark, all of which were developed and are owned by Traxxas, resulting in Defendant wrongfully obtaining a monetary and reputational benefit for its own business and products.

44.     Defendant's acts complained of herein constitute unjust enrichment of Defendant at Traxxas' expense in violation of Texas state common law.

## VI.     DAMAGES

45.     Traxxas repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

46.     Defendant's acts complained of herein have damaged Traxxas in an amount to be proven at trial.

## VII.   PRAYER FOR RELIEF

Traxxas respectfully requests the following relief:

a.   A judgment and order in favor of Traxxas that Defendant has infringed the EZ-PEAK Mark under federal and Texas state law, as described herein;

b.   A judgment and order in favor of Traxxas that Defendant has unfairly competed with Traxxas under federal and Texas state law, as described herein;

c.   A judgment and order in favor of Traxxas that Defendant has been unjustly enriched at Traxxas' expense under Texas state law, as described herein;

d.   A permanent injunction:

 (1)   enjoining Defendant, its officers, directors, agents, subsidiaries, employees, successors, and assigns, and all persons acting in privity, concert, or participation with it, from using the EZ-PEAK Mark, or any other mark or design (including without limitation the Accused Mark) that is confusingly similar to the EZ-PEAK Mark, and from any attempt to retain any part of the goodwill and reputation misappropriated from Traxxas;

 (2)   requiring Defendant, its officers, directors, agents, subsidiaries, employees, successors, and assigns, and all persons acting in privity, concert, or participation with it, to deliver up and destroy all Accused Products, as well as all signage, advertisements, commercials, Internet postings and advertisements, and any other material bearing or using the EZ-PEAK Mark, or any other mark or design (including without limitation the Accused Mark) that is confusingly similar to the EZ-PEAK Mark; and

(3) requiring Defendant to file with this Court and to serve upon Traxxas, within thirty days after the entry and service on Defendant of the injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

e. A judgment and order directing an accounting to determine Defendant's profits resulting from the activities complained of herein, including Defendant's profits from any continuing post-verdict or post-judgment activities, and that such profits, or, alternatively, Traxxas' actual damages, be paid over to Traxxas, increased as the Court finds to be just under the circumstances of this case;

f. A judgment and order requiring Defendant to pay Traxxas its damages sustained as a result of Defendant's activities described herein, including supplemental damages for any continuing post-verdict or post-judgment activities with an accounting as needed;

g. A judgment and order requiring Defendant to pay Traxxas its costs, expenses, and pre-judgment and post-judgment interest; and

h. Such other and further relief as the Court deems just and proper.

## VIII.   JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Traxxas requests a jury trial of all issues triable of right by a jury.

Dated: February 11, 2021

Respectfully submitted,

By: /s/William E. Davis, III
William E. Davis, III
Texas State Bar No. 24047416
bdavis@davisfirm.com

Debra Coleman (Of Counsel)
Texas State Bar No. 24059595
dcoleman@davisfirm.com
Ty Wilson
Texas State Bar No. 24106583
twilson@davisfirm.com
**The Davis Firm, PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

*Counsel for Plaintiff Traxxas, L.P.*