IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TRAXXAS, L.P., § | |
| § | |
| *Plaintiff*, § | |
| § | Case No. 2:21-cv-00049-JRG-RSP |
| v. § | |
| § | |
| SHENZHEN YONGHANG NEW § | |
| ENERGY TECHNOLOGY CO., LTD., § | |
| § | |
| *Defendants*. § | |

## REPORT AND RECOMMENDATION

Before the Court, plaintiff Traxxas, L. P. moves for default judgment and permanent injunction against defendant Shenzhen Yonghang New Energy Technology Co., Ltd. ("Yonghang"). **Dkt. No. 14**. For the following reasons, the motion should be **GRANTED**.

### I.   Background

On February 11, 2021, Traxxas filed its complaint against Yonghang alleging infringement of United States Trademark Registration Nos. 5,414,201 and 5,414,274 each comprising the standard characters "EZ-PEAK" as applied to batteries and battery chargers. Dkt. No. 1.

### II.   Standard

#### A.   Default Judgment

Upon entry of default by the clerk, the Court has the discretion to enter a default judgment against a defendant. *Lindsey, et al. v. Prive Corp., et al.*, 161 F.3d 886, 893 (5th Cir. 1998). "Once a defendant is in default, the court accepts as true all facts set forth in the complaint aside from those relating to damages." *Eisenhour v. Stafford*, 2013 WL 6212725, No. 9:12-CV-62, at *2 (E.D. Tex. Nov. 26, 2013) (citing *Frame v. S-H, Inc.*, 967 F.2d 194, 205 (5th Cir. 1992)).

For the Court to enter a default judgment, a plaintiff must make a prima facie showing of jurisdiction. See *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 325 (5th Cir. 2001). There must be a sufficient basis in the pleadings for any relief requested. See *Wooten v. McDonald Transit Associates, Inc.*, 788 F.3d 490, 496 (5th Cir. 2015). The Court should also consider "[r]elevant factors ... [such as] whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

### B. Permanent Injunction

District Courts may enter a permanent injunction to restrain a party from patent infringement "in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." 35 U.S.C. § 283.

There are four findings the Court must make when deciding to issue an injunction: (1) that the plaintiff has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for the injury; (3) that, considering the balance of hardships between the parties, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391, 126 S.Ct. 1837, 164 L.Ed.2d 641 (2006).

## III. Analysis

### A. Jurisdiction, Venue, and Service

This Court has subject matter jurisdiction over this cause of action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367. Dkt. No. 1 ¶¶ 4-5. This Court has personal

jurisdiction over the claims of infringement as to Yonghang pursuant to due process and the Texas Long Arm Statute because these claims arise from Yonghang's alleged acts or omission directly or through intermediaries including but not limited to sales or offers to sell the accused products to persons in this district and, or alternatively, purposefully and voluntarily placing the accused products into the stream of commerce with the expectation that the accused products will be purchased by consumers in Texas and in the district. *Id.* at ¶ 6. Further, service was previously deemed effective against Yonghang by the undersigned. Dkt No. 11.

### B. Default Judgment

"By failing to answer the complaint, the defendants admit the well-pleaded factual allegations therein and '[are] barred from contesting on appeal the facts thus established.'" *Jones v. Lockhart, Morris & Montgomery, Inc.*, No. 1:11-cv-373-KFG, 2012 WL 1580759, *3, 2012 U.S. Dist. LEXIS 63293, *7 (E.D. Tex. Feb. 2, 2012) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Once in default, all facts in the operative complaint are taken as true. *See Frame*, 967 F.2d at 205.

The grounds for trademark infringement and default judgment against Yonghang have been clearly established. There is no evidence that Yonghang's default was caused by good faith mistake or excusable neglect and no showing that substantial prejudice or undue harshness would result from a default judgment. *Lindsey*, 161 F.3d at 893. Further, Traxxas has pleaded its claims of trademark infringement with sufficient specificity to warrant entry of default judgment. Dkt. No. 1.

With respect to any prejudice or harshness, Yonghang's failure to appear or answer, move, or otherwise respond to the complaint significantly weighs in favor of entering default judgment. The prejudice to Traxxas clearly outweighs any prejudice or harshness of

a default judgment. *See Barnett v. A S & I, LLC*, No. 3:13-cv-2464-BN, 2014 WL 6884010, at *4 (N.D. Tex. Dec. 8, 2014) (no weight given to any harshness of default judgment when defendant had adequate time to respond and failed to do so). Yonghang's inaction is not the result of excusable neglect or mistake.

      **C.**      **Permanent Injunction**

The Lanham Act provides for a rebuttable presumption of irreparable harm. 15 U.S.C. § 1116(a) as amended by § 226 of the Consolidation Appropriations Act, 2021, PL 116-260, December 27, 2020, 134 Stat 1182. Pursuant to a leading trademark treatise "[i]f the harm being suffered by plaintiff as a result of the defendant's continuing illegal conduct (such a trademark infringement) is 'irreparable,' then the remedy at law (monetary damages) is 'inadequate.' " 5 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 30:2 (4th ed. 2001).

Allowing Yonghang to continue selling infringing products will greatly harm Traxxas, who enjoys exclusive use of the marks and has expended assets into the development and good will of the mark. Moreover, there are no discernable hardships to Yonghang because any hardships related to costs or expenses incurred by engaging in the business of manufacturing infringing goods is disregarded. *i4i Ltd. Partnership v. Microsoft Corp.*, 598 F.3d 831, 863 (Fed. Cir. 2010) (holding that the infringing party's expenses in creating the infringing products, consequences such as redesign costs, or loss of the opportunity for further commercial success should be ignored).

Finally, public interest in avoiding customer confusion caused by Yonghang favors injunctive relief. See, *e.g.*, *Abraham v. Alpha Chi Omega*, 708 F.3d 614, 627 (5th Cir. 2013).

Accordingly, each factor favors injunctive relief. *ebay*, 547 U.S. at 391.

### D. Cost and Fees

Pursuant to the Federal Rules of Civil Procedure, costs should be awarded to the prevailing party. Fed. R. Civ. P. 54(d)(1). The Court awards cost to Traxxas as the prevailing party.

Attorney's fees are available to prevailing parties in "exceptional cases." 15 U.S.C. § 1117. The prevailing party bears the burden of showing that the case is exceptional by clear and convincing *evidence. Bd. of Supervisors for La. State Univ. Agric. & Mech. Coll. v. Smack Apparel Co.*, 550 F.3d 465, 491 (5th Cir. 2008). An "exceptional case" is one where the violative acts can be described as malicious, fraudulent, deliberate, or willful. *Id.* "The necessary showing demands a high degree of culpability on the part of the infringer, for example bad faith or fraud." *Id.* (citations omitted). Traxxas has shown by clear and convincing evidence that Yonghang's infringement of the marks in suit is willful with a high degree of culpability because Yonghang refused service of process, ignored the proceedings of this Court, and continued to sell infringing goods even after service of the complaint. Accordingly, the Court finds that attorney's fees may be awarded.

### IV. Conclusion

For the reasons discussed above, it is **RECOMMENDED** that Traxxas' motion for default judgment and permanent injunction, **Dkt. No. 14**, consistent with the proposed order attached as Dkt. No. 14-4 should be **GRANTED**.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within 14 days bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); see *Douglass v. United Servs. Auto.*

*Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendations [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 22nd day of November, 2022.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE